UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. H-15-0651 |
| | § |
| MARK DUESTERBERG, | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Steven T. Schammel, Assistant United States Attorney, and the defendant, Mark Duesterberg ("Defendant"), and Defendant's counsel, Marjorie A. Meyers, pursuant to **Rule 11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges Defendant with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b). Count 3 charges Defendant with the unlawful making of a National Firearms Act weapon, in violation of Title 26, United States Code, Section 5841 and 5861(f). Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** penalty for a violation of Title 18, United States Code, Section 2422(b), is imprisonment of not less than 10 years nor more than life and a fine of not more than $250,000. The **statutory** maximum penalty for each violation of Title 26, United States Code, Section 5841

and 5861(f) is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years and up to life up to life for a violation of Title 18 United States Code, Section 2422(b) and a term of not more than 3 years for violations of Title 26, United States Code, Section 5841 and 5861(f). *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

3. The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student. The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

**Mandatory Special Assessment**

4. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special

assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines

are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1 and 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c) The United States and the Defendant jointly recommend to the Court that the sentences for Counts 1 and 3 run concurrently.

(d) The United States and Defendant jointly recommend to the Court that the Defendant should be sentenced to 120 months.

(e) The United States does not oppose the defendant's anticipated request for federal credit for time spent in Texas State custody on charges stemming from the same offense conduct as set forth in paragraph 14 herein.

4

**Agreement Binding - Southern District of Texas Only**

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless

5

acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

**Factual Basis for Guilty Plea**

13.  Defendant is pleading guilty because he/she is in fact guilty of the charges contained in Count(s) 1 and 3 of the indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

(a)  On May 28, 2015, HSI Special Agent Marisa Schwartz participated in an undercover operation on Craigslist.com. SA Schwartz created and posted an advertisement under the casual encounters portion of their website at 7:05 p.m. The advertisement stated, "home from skewl and bored!!!!- w4m (sugar land)." This advertisement was posted in the section "w4m" defined as women seeking men". At 7:27 p.m., Special Agent Schwartz received a response in her undercover gmail email account from the defendant, Mark Duesterberg with an image depicting an exposed penis. Using an undercover email and phone number, Special Agent Schwartz began conversations with the defendant representing herself to be a 15-year-old female child named "April". The defendant stated that "[he] love[s] to eat pussy and [would] definitely give [her] the best orgasms [she's] ever had!" The defendant further stated "I want to show you what this big dick feels like while I'm taking u from behind kissing on ur neck!" Special Agent Schwartz communicated with the defendant for several hours. The defendant agreed to meet the female child "April" for sex and they then began communicating via text messaging. The defendant drove to the address where the female child "April" stated that she was living for the purpose of having sex with her. The defendant was arrested upon arrival and had a condom with him.

(b)  The defendant communicated with the undercover agent, an individual whom he believed was a minor female who had not attained the age of 18. These communications were through the use of his cellular telephone and through the internet which are facilities and means of interstate commerce. Through these communications, which were emails and text messages, the defendant persuaded, induced and attempted to entice the female child to have sex with him. Had the defendant and the female child had sex, this would have been a violation of the Texas Penal code Section 22.011, Sexual Assault of a Child.

(c)  Duesterberg arrived at the takedown location and was taken into custody by members of the Task Force. Duesterberg was driving a blue Chevrolet pickup truck at the time he was arrested. An inventory search of the vehicle was

7

conducted and 7 pipe bombs were located. Notably, two of the bombs were made from metal pipe and five from PVC type pipe. During the early morning hours of May 29, 2015, ATFe agents and local officers then traveled to Duesterberg's residence and received consent to search the residence. A search of the garage revealed six steel and 19 PVC type pipe bombs of varying sizes – for a total of 25 explosive bombs.

(d)     Between the two locations, a total of 34 explosive bombs were found. ATF Special Agents confirmed that Mr. Duesterberg had not received prior permission to make destructive devices, to wit: explosive bombs, specifically, the defendant failed to obtain an approved application form from the Secretary of the Treasury or his delegate showing approval to make and register the destructive device as required by Title 26 U.S.C. § 5822.

(e)     An expert with ATF would later determine and would testify that these were destructive devices and that the explosives within, "would propel metal, PVC and CPVC fragments at high velocities and in all direction. These explosives could cause property damage, and would be capable of causing injury or death to persons near the explosion." Additionally, ATF Special Agents found additional pipe and pipe caps consistent with the completed pipe bombs, a roll of pyrotechnic fuse, a receipt showing the online purchase of the pyrotechnic fuse by Mark Duesterberg, three one pound containers of gun powder, one each of Winchester smokeless powder #296, Hodgdon pryodex (a black powder substitute) and American Pioneer Powder grade FFF (black powder substitute) as well as other materials that are consistent with the construction of the pipe bombs in Mr. Duesterberg's truck and home.

(f)     At the same time that the search of Mr. Duesterberg's garage was occurring, Mr. Duesterberg's wife also gave consent to search a safe (a warrant was obtained also) found in the utility room just off of the garage. Inside of the safe was a Romarm, model WASR-10/63, 7.62mm machinegun, an AKM type firearm. A search was made of the National Firearms Registration and Transfer Record and the explosive pipe bombs and Romarm, model WASR-10/63, 7.62mm machinegun were not listed to Mr. Duesterberg therein.

### Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly

8

withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents

9

necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Fines

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

21. This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____, 20__.

_____
Defendant

Subscribed and sworn to before me on **April 8**, 20**16**

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____                    _____
Steven T. Schammel                                Marjorie A. Meyers
Assistant United States Attorney                  Attorney for Defendant
Texas Bar No. 24007990
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Ph:    713-567-9000
Fax:   713-718-3307

_____
Kimberly Leo
Assistant United States Attorney
Texas Bar No.24029686
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. |
| MARK DUESTERBERG,<br>Defendant. | § § § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     4/8/16
Attorney for Defendant              Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.



_____     4/8/16
Defendant                           Date